UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTOINETTE JOHNSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4999 |
| GEOVERA SPECIALTY INSURANCE COMPANY | * | SECTION "P" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Antoinette Johnson's Motion for Leave to Serve More than 25 Interrogatories ECF No. 9. Defendant GeoVera Specialty Insurance Company timely filed an Opposition Memorandum. ECF No. 11. No party requested oral argument in accordance, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave (ECF No. 9) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed suit in state court against Defendant GeoVera Specialty Insurance Company ("GeoVera") seeking to recover for losses to her Arabi, Louisiana property incurred as a result of a windstorm on March 22, 2022, as well as extra-contractual damages. ECF No. 1-1. Plaintiff served interrogatories on December 8, 2023, to which GeoVera responded on February 2, 2024. *See* ECF Nos. 9-4, 11 at 1, 11-1.

Plaintiff now seeks leave to serve five interrogatories in excess of Rule 33's 25-interrogatory limit because GeoVera "refused to answer the parts of the propounded discovery" that exceeded Rule 33's limit. Plaintiff argues that the information she seeks in the additional interrogatories can only be obtained through the defendant, the requests are relevant because they involve GeoVera's "duty/actions towards the plaintiff," and this is the only opportunity to obtain

1

the requested information because a corporate deposition of GeoVera would likely be expensive as the defendant is located in California.  ECF Nos. 9 at 2, 9-1 at 2.

In Opposition, GeoVera asserts that leave should not be granted because, while Plaintiff labeled her interrogatories as "1 through 30," many of the first 25 questions included discrete subparts, which GeoVera nevertheless answered "in a show of good faith and cooperation."  ECF No. 11.  GeoVera disputes Plaintiff's contention that the information requested is only available through interrogatory responses, arguing that much of the information was already produced in initial disclosures.  *Id*. at 2.  GeoVera further urges the court to deny leave for additional interrogatories given that Plaintiff seeks cumulative and duplicative responses.  *Id*. at 2-3.  Finally, GeoVera avers that the location of its corporate representative's potential deposition is irrelevant as depositions are now commonly conducted via videoconference without incurring unnecessary travel expenses.  *Id*. at 3.

## II.     APPLICABLE LAW

### A.  Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).

B. **<u>Number of Interrogatories</u>**

Under Rule 33(a), a party may not serve more than 25 interrogatories, including discrete subparts, upon another party unless stipulated or ordered by the court.[1] As the comments to Rule 33(a)(1) make clear, a party cannot evade the 25-interrogatory limit through the use of "subparts" that seek information about discrete separate subjects.[2] This numerical limitation on the number of interrogatories is intended to protect against potentially excessive use of interrogatories, not to prevent necessary discovery.[3] It forces a party to narrow their requests to the important issues in the case, to avoid cumulative or duplicative requests, and to seek relevant information from more convenient, less burdensome sources, including depositions.[4]

Although there is no "clear and easily applied rule" for counting discrete subparts, courts look to whether the subparts are logically or factually "subsumed within" or "necessarily related to" the "primary question."[5] In other words, courts assess whether subsequent questions within a single interrogatory are subsumed and related by examining whether the first question is primary and subsequent questions are secondary to the primary question or whether the subsequent question could stand alone, independent of the first question.[6] If the subsequent question stands alone or is independent of the first question, it would be considered a discrete or separate question even when joined by a conjunctive word and related to the primary question.[7] Genuine subparts,

---

[1] FED. R. CIV. P. 33(a)(1).
[2] FED. R. CIV. P. 33, advisory committee's note to the 1993 amendment.
[3] *Estate of Manship v. U.S.*, 232 F.R.D. 552, 554 n.1 (M.D. La. 2005); *Lower River Marine, Inc. v. USL-497 Barge*, No. 06-04083, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *see also* FED. R. CIV. P. 33(a) advisory committee's note to 1993 amendment ("The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device.").
[4] *King v. Univ. Healthcare Sys., L.C.*, No. 08-1060, 2008 WL 11353694, at *2 (E.D. La. Oct. 31, 2008) (Wilkinson, M.J.) (citations omitted).
[5] *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998) (citing *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997); *Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 321 (D. Nev. 1991); *Clark v. Burlington N.R.R.*, 112 F.R.D. 117, 120 (N.D. Miss. 1986); *Myers v. U.S. Paint Co.,* 116 F.R.D. 165, 165–66 (D. Mass. 1987)); FED. R. CIV. P. 33(a) advisory committee's note to the 1993 amendment; 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994).
[6] *Manship*, 232 F.R.D. at 554.
[7] *Safeco*, 181 F.R.D at 445 (quoting *Kendall,* 174 F.R.D. at 685).

however, are not counted as separate interrogatories. For instance, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."[8] Courts have recognized that a party receiving excessive interrogatories may respond to the "first" 25 Interrogatories that constitute discrete questions, and strike the rest.[9]

"Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."[10] A court should consider the factors listed in Rule 26(b)(2)(C) to determine the existence of good cause to exceed the limit.[11] "Frequently, the issue becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party."[12] This balancing test weighs in favor of the requesting party where the additional interrogatories are substantially relevant to the claims made in the litigation, and the burden of responding is not high.[13]

### III. ANALYSIS

Plaintiff seeks leave to serve five additional interrogatories. Although some of her initial interrogatories contain discrete subparts in excess of Rule 33's limit, GeoVera chose to answer each of them, rendering that issue moot. Instead, the court need only decide whether Plaintiff may issue five additional interrogatories, specifically Nos. 26-30.

In making the determination, the court must consider whether (1) the additional discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that

---

[8] FED. R. CIV. P. 33 advisory committee's note to the 1993 amendment.
[9] *Stephens v. Fla. Marine Transporters, Inc.*, No. 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013) (Roby, M.J.) (citing *Lower River Marine, Inc.*, No. 06-4083, 2007 WL 4590095, at *2; *Paananen v. Cellco P'ship*, No. 08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.")).
[10] FED. R. CIV. P. 33(a); *see also* E.D. La. L.R. 33.1.
[11] *June Medical Services, LLC v. Rebekah Gee*, No. 16-444, 2018 WL 9946296, at *1 (M.D. La. Sept. 25, 2018) (citing *Estate of Manship* v. U.S., 232 F.R.D. 552, 558-59 (M.D. La. 2005)).
[12] *Id*.
[13] *Id*. at 3.

is more convenient or less burdensome; (2) the requesting party has had ample opportunity to obtain the information by discovery in the action; and (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1).  FED. R. CIV. P. 26(b)(2)(C).

The proposed interrogatories read:

> **INTERROGATORY NO. 26:** Please state whether any persons handling this claim, including the adjuster and/or supervisor, has had any conversations with any other person supervising this claim opining, what he/she thought this claim is worth and, if so, state that exact dollar amount and identify said adjuster and/or supervisor, their title, employer, business address, telephone number and specific duty involving this claim(s).

This interrogatory is identical to Interrogatory No. 25, thus leave to serve the duplicative request must be denied.

> **INTERROGATORY NO. 27:** Please identify by name and title and employer the individual(s) who evaluated, recommended, made, approved, or rejected the claim decision.

This interrogatory is neither duplicative nor cumulative.  Although Plaintiff asked GeoVera to identify individuals with knowledge about the claim (Interrogatory No. 1) and those whom GeoVera may call at trial (No. 2), she has not asked about the individuals who participated in each stage of the claims process.  Such information is relevant to the claims and defenses in this case and the information sought does not appear to have been provided elsewhere by GeoVera.  Plaintiff is granted leave to issue this Interrogatory, to which GeoVera must provide a full and complete response within thirty (30) days.

> **INTERROGATORY NO. 28:** Please identify by name and title and employer the field personnel, estimators, inspectors, contractors, engineers, or other persons who participated in any investigation of the claims or the claims process, had any part relating to Insurer's evaluation process for the claims, or upon who the Insurer relied upon or received information from concerning Insurer's evaluation process or claim decision; and identify anyone who had any role in drafting, editing, reviewing, or approving any reports), evaluation(s), or inspections) on behalf of Insurer involving the Insured's claim.

This interrogatory is cumulative of Interrogatories Nos. 1, 2, 10, and 27. Accordingly, the request for leave to propound same is denied.

**INTERROGATORY NO. 29.** Please identify all tenders/checks issued to the plaintiff by their amounts, date and under what coverage section of the insurance policy was the checks issued.

Plaintiff does not appear to have obtained this information from GeoVera, and the information is relevant to the claim. Leave is granted for issuance of this interrogatory. Defendant must provide a full and complete response within thirty (30) days.

**INTERROGATORY NO. 30.** Please identify the amount of the deductible for an unnamed windstorm as listed in the policy of insurance that was in full force and effect for the windstorm event sued upon.

This interrogatory seeks information that Plaintiff has had ample opportunity to obtain in the litigation; GeoVera has already produced a copy of its policy, which Plaintiff can review to determine unnamed windstorm deductible amounts. Accordingly, leave to propound this interrogatory is denied.

## IV.  CONCLUSION

Considering the Rule 26(b)(2)(C) factors, leave to serve two additional non-cumulative, relevant discovery responses is appropriate. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave (ECF No. 9) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendant must provide responses, including a proper privilege log, as directed herein within thirty (30) days of this Order.

New Orleans, Louisiana, this  6th  day of March, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE